**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **JERRY BALDRIDGE,** | § § § | |
| Plaintiff, | § § | **Civil Action No.** 4:21-cv-3629 |
| **v.** | § § | |
| **SUNPATH, LTD.,** | § § | <u>**Jury Trial Demanded**</u> |
| Defendant. | § § § § | |

<u>**COMPLAINT**</u>

JERRY BALDRIDGE ("Plaintiff" or "Mr. Baldridge"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SUNPATH LTD. ("Defendant" or "SunPath"):

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*., and § 302.101 of the Texas Business & Commercial Code.

**JURISDICTION AND VENUE**

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mims v. Arrow Fin. Servs., LLC</u>, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

- 1 -

4.      This Court has personal jurisdiction over Defendant as Defendant regularly and systematically conducts business in the State of Texas.

5.      Furthermore, Defendant placed phone calls to Plaintiff at his "254" area code, associated with the Waco, Texas region.

6.      Defendant also placed phone calls from a number which appeared on Plaintiff's caller ID to be from the "254" area code.

7.      Plaintiff resided within this District at all times relevant hereto.    Plaintiff received the calls at issue and experienced the associated harm within this District.

8.      A substantial portion of the acts and omissions described herein occurred within this District.

9.      Accordingly, personal jurisdiction exists and venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

10.     Plaintiff is a natural person who resided in Montgomery, Texas at all times relevant hereto.

11.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

12.     Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 50 Braintree Hill Park, Suite 310, Braintree, Massachusetts 02184.

13.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

14.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

**FACTUAL ALLEGATIONS**

**<u>SunPath, Telemarketing and its Use of Vendors to Sell Extended Warranties</u>**

15.     Defendant SunPath is in the business administrating extended warranties to consumers.

16.     Much of SunPath's business comes by way of telemarketing.

17.     Specifically, SunPath a warranty administrator that provides administrative services for extended automobile warranty plans and service contracts to consumers.

18.     Defendant engages in telemarketing in order to solicit donations for, *inter* alia, automobile warranties.

19.     One of SunPath's strategies for telemarketing involves the hiring of call centers to place calls on its behalf using automatic telephone dialing system and automated/pre-recorded voice.

20.     The calls made by SunPath's vendors began with an automated/pre-recorded voice.

21.     At all times relevant hereto, SunPath contracted with telemarketing vendors and entered into agreements referred to as "Call Center Marketing Agreements."[1]

22.     In those Agreements, SunPath's vendors are required to act as fiduciaries toward SunPath.

---

[1] Plaintiff pleads these paragraphs in the present tense.  However to be clear, it is a description of SunPath's policies and agreements with vendors in 2019 and 2020.

PLAINTIFF'S COMPLAINT

23.     Furthermore, SunPath exercises substantial control over its vendors, where it limits the names of the vendors can use for their businesses, limits the phrases the vendors can use when selling SunPath warranties, dictates the tone of voice in which SunPath's vendors can speak when selling SunPath Warranties and requires vendors to meet certain staffing requirements when selling SunPath warranties.

24.     SunPath's vendors receive compensation based on the quantity of SunPath warranties sold.

25.     Accordingly, SunPath acts as a principal, and its call center vendors act as its agents.

26.     SunPath's vendors often act anonymously and do not disclose their identities, and therefore cannot be known to TCPA plaintiffs at the pleading stage.

27.     In this instance, Plaintiff does not yet know the identity of the call center vendor utilized by SunPath, but reserves the right to amend to add the vendor as a co-defendant upon learning said information.

28.     Upon information and belief, SunPath's anonymous and still unknown agent(s) placed the unlawful calls at issue on SunPath's behalf.  SunPath is therefore vicariously liable for those unlawful calls.


**Plaintiff Jerry Baldridge and The Harassing Telemarketing Calls from SunPath**

29.     At all times relevant hereto, Plaintiff, Jerry Baldridge maintained a cell phone, the number for which was (254) XXX-0022.[2]

---

[2] Plaintiff's "254" area code is due to the fact he resided in Hill County, Texas at the time he was assigned the number.

- 4 -

30.     Plaintiff registered that cell phone number on the Federal Do Not Call Registry on January 2, 2006.

31.     Mr. Baldridge registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

32.     At all times relevant hereto, Plaintiff used that cell phone primarily for residential purposes.

33.     Beginning in or around September 2019, Defendant- by and through its agents who remain unknown, but will be identified in the course of discovery - began calling Mr. Baldridge on his cellular phone attempting to sell Plaintiff a SunPath extended warranty for his automobile.

34.     Those calls included a pre-recorded message advising that his currently warranty "had expired."  Shortly after the pre-recorded message played, the calls were transferred to a live agent.

35.     Plaintiff never sought information about a motor vehicle warranty and did not consent to the calls from Defendant.

36.     These calls were not made for "emergency purposes," but rather for telemarketing purposes.

37.     Despite his number's registration on the Do Not Call Registry, Defendant placed calls to Mr. Baldridge's phone on multiple occasions attempting to sell him a SunPath Warranty.

38.     In total, Defendant placed at least 8 calls to Plaintiff's personal cellular phone, at dates/times including the following:

| Date/Time: | Caller ID: |
|---|---|

PLAINTIFF'S COMPLAINT

| September 19, 2019 9:24 am Central | (254) 266-4816 |
| November 4, 2019 3:00 pm Central | (254) 267-9266 |
| November 5, 2019 2:43 pm Central | (254) 267-9266 |
| November 6, 2019 9:36 am Central | (254) 267-9266 |
| November 8, 2019 11:36 pm Central | (254) 267-9266 |
| November 15, 2019 12:53 pm Central | (254) 267-9266 |
| November 16, 2019 9:54 am Central | (254) 267-9266 |
| November 19, 2019 10:37 am Central | (254) 267-9266 |

39.    Upon information and belief, Plaintiff received additional messages from Defendant not included in the above-list.

40.    The calls were made by Defendant (through its agents) from a Waco, Texas area code.

41.    In an effort to ascertain the identity of the party responsible for placing the unwanted solicitation calls, on several occasions, Plaintiff engaged in a discussion with Defendant's agent.

42.    For instance, during a call on September 19, 2019, Mr. Baldridge requested information about the company responsible for these calls.

43.    The agent on the phone explained he was calling on behalf of SunPath and provided a website for Mr. Baldridge to conduct his own research, GoSunPath.com.

44.    Plaintiff visited the above mentioned website and was able to confirm that the calls were placed by or on behalf of, SunPath Ltd.

45.    The foregoing acts and omissions were in violation of the TCPA and Texas Business and Commerce Code.

## COUNT I
## <u>DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)</u>

46.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

- 6 -

PLAINTIFF'S COMPLAINT

47.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

48.     Defendant placed numerous calls to Plaintiff's cellular telephone number using an automatically generated and/or pre-recorded voice.

49.     Defendant's calls were not made for "emergency purposes."

50.     Defendant's calls to Plaintiff's cellular telephone were made without any prior express consent.

51.     Defendant's acts, as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

52.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

53.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

54.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

PLAINTIFF'S COMPLAINT

55.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

56.     Defendant placed two or more solicitation calls to Plaintiff's number during a calendar year, despite the fact that Plaintiff's number was registered on the Do Not Call Registry since January 2, 2006.

57.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

58.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

59.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERCE CODE**

60.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

61.     Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business & Commerce Code.

- 8 -

62.     Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

63.     Plaintiff received all calls from Defendant while in Texas and on a phone with a Teas area code.

64.     Plaintiff is entitled to other relief under Texas law.

65.     §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

66.     Defendant violated §302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

67.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, JERRY BALDRIDGE, respectfully prays for judgment as follows:

a.     All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.     Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.     Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

PLAINTIFF'S COMPLAINT

d.     Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

e.     Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

f.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code

g.     Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

h.     Any other relief this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JERRY BALDRIDGE, demands a jury trial in this case.

Respectfully submitted,

Dated:  November 4, 2021          By: */s/ Jacob U. Ginsburg*
                                  Jacob U. Ginsburg, Esq.
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Ave.
                                  Ambler, PA 19002
                                  Phone: (215) 540-8888 x 104
                                  Facsimile: (877) 788-2864
                                  Email: jginsburg@creditlaw.com
                                  teamkimmel@creditlaw.com

- 10 -

PLAINTIFF'S COMPLAINT