# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JASON CANO, <br><br> Plaintiff, <br><br> v. <br><br> ASSURED AUTO GROUP and SUNPATH, LTD., <br><br> Defendants. | Case No.: 3:20-cv-03501-G |

**DEFENDANT, SUNPATH, LTD.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, JASON CANO'S, SECOND AMENDED COMPLAINT**

Defendant, SunPath, Ltd. ("SunPath"), by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff, Jason Cano's ("Plaintiff"), Second Amended Complaint and in support thereof states as follows:

**PRELIMINARY STATEMENT**

Throughout Plaintiff's Second Amended Complaint ("Second Amended Complaint"), Plaintiff repeatedly and improperly uses both the singular term "Defendant" and the plural term "Defendants" interchangeably without defining either term. *See* Second Amended Complaint generally. It is believed that this is merely a series of typographical errors in regard to Plaintiff's use of the plural term "Defendants". As such, SunPath will answer all of the allegations set forth within the Second Amended Complaint, unless specifically stated otherwise, as if the allegations were individually directed at and intended for SunPath. If there is another party that the allegations were supposed to be directed toward, then SunPath is without knowledge as to that party and therefore denies the allegations set forth therein. Furthermore, for consistency, SunPath will use Plaintiff's specific section titles and subtitles, in their original format, regardless of the typographical errors contained therein.

1

## INTRODUCTION

1.      SunPath admits that a lawsuit has been filed by Plaintiff ("Action"), but SunPath otherwise denies that Plaintiff has any right to maintain this Action and further denies that Plaintiff is entitled to any of the relief sought in this Action. Additionally, SunPath denies that it in any way violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") or the Texas Business and Commercial Code, §302.101 ("TBCC").

## JURISDICTION AND VENUE

2.      Admitted for jurisdictional purposes only, but SunPath otherwise denies that Plaintiff has any right to maintain this Action and further denies that Plaintiff is entitled to any of the relief sought in this Action. Additionally, SunPath denies that it in any way violated the TCPA or the TBCC.

3.      Admitted for jurisdictional purposes only, but SunPath otherwise denies that Plaintiff has any right to maintain this Action and further denies that Plaintiff is entitled to any of the relief sought in this Action. Additionally, SunPath denies that it in any way violated the TCPA or the TBCC.

4.      Admitted for venue purposes only, but SunPath otherwise denies that Plaintiff has any right to maintain this Action and further denies that Plaintiff is entitled to any of the relief sought in this Action. Additionally, SunPath denies that it in any way violated the TCPA or the TBCC.

## PARTIES

5.      SunPath is without knowledge, therefore denied and strict proof is demanded thereof.

6.      SunPath is without knowledge, therefore denied and strict proof is demanded thereof.

7. SunPath is without knowledge, therefore denied and strict proof is demanded thereof.

8. Admitted.

9. The statute referenced in Paragraph 9 speaks for itself. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

10. Denied.

## FACTUAL ALLEGATIONS

### Relationship Between AAG and SunPath

11. Denied as phrased.

12. Denied as phrased.

13. Admitted only that SunPath entered into a Call Center Marketing Agreement ("CCMA") with Assured Auto Group ("AAG"). The non-exclusive CCMA referenced in Paragraph 13 speaks for itself. Anything not specifically addressed is denied.

14. The non-exclusive CCMA referenced in Paragraph 14 speaks for itself. Anything not specifically addressed is denied.

15. Denied as phrased.

16. The non-exclusive CCMA referenced in Paragraph 16 speaks for itself. Anything not specifically addressed is denied.

17. Denied.

18. The non-exclusive CCMA referenced in Paragraph 18 speaks for itself. Anything not specifically addressed is denied.

19. The non-exclusive CCMA referenced in Paragraph 19 speaks for itself. Anything not specifically addressed is denied.

20. Denied as phrased. Furthermore, the allegations set forth in Paragraph 20 mischaracterize the testimony of SunPath's corporate representative.

21. Denied.

## Direct and Vicarious Liability

22. Denied.

23. The Federal Communications Commission's ("FCC") Declaratory Ruling referenced in Paragraph 23 speaks for itself. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

24. The FCC's Declaratory Ruling referenced in Paragraph 24 speaks for itself. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

25. The FCC's Declaratory Ruling referenced in Paragraph 25 speaks for itself. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

26. Denied.

27. Denied.

28. The statutes and legal rules that are indirectly referenced in Paragraph 28 speak for themselves. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

29. Paragraph 29 does not contain a statement directed toward SunPath, therefore denied. SunPath further denies that it in any way violated the TCPA or the TBCC.

30. Denied.

Defendants' Campaign of Telephone Solicitation Calls to Plaintiff

31. SunPath is without knowledge, therefore denied and strict proof is demanded thereof.

32. SunPath is without knowledge, therefore denied and strict proof is demanded thereof.

33. SunPath is without knowledge as to whether or not Plaintiff's cellular telephone number is on the Do Not Call Registry or for how long it has allegedly been on the Do Not Call Registry, therefore denied and strict proof is demanded thereof.

34. SunPath is without knowledge as to whether or not Plaintiff's cellular telephone number is on the Do Not Call Registry or for how long it has allegedly been on the Do Not Call Registry, therefore denied and strict proof is demanded thereof.  Anything not specifically addressed is denied.

35. SunPath is without knowledge, therefore denied and strict proof is demanded thereof.

36. Denied.

37. Denied.

38. SunPath is without knowledge of the alleged phone calls, therefore denied and strict proof is demanded thereof.

39. SunPath is without knowledge, therefore denied and strict proof is demanded thereof.

40. SunPath is without knowledge of the alleged phone calls, therefore denied and strict proof is demanded thereof.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. SunPath is without knowledge of Plaintiff's mental state, therefore denied and strict proof is demanded thereof. SunPath further denies that it utilized an Automated Telephone Dialing System ("ATDS") and that it in any way violated the TCPA or the TBCC.

47. SunPath is without knowledge of Plaintiff's mental state, therefore denied and strict proof is demanded thereof. SunPath further denies that it utilized an ATDS and that it in any way violated the TCPA or the TBCC.

48. Denied.

49. Denied.

50. SunPath is without knowledge of Plaintiff's mental state, therefore denied and strict proof is demanded thereof. SunPath further denies that it in any way violated the TCPA or the TBCC.

51. SunPath is without knowledge of the alleged phone calls, therefore denied and strict proof is demanded thereof.

52. SunPath is without knowledge of the alleged phone calls, therefore denied and strict proof is demanded thereof. Furthermore, SunPath did not make any phone calls to Plaintiff and SunPath denies that it in any way violated the TCPA or the TBCC.

53. SunPath is without knowledge of the alleged phone calls, therefore denied and strict proof is demanded thereof.

54. SunPath is without knowledge of the alleged phone calls, therefore denied and strict proof is demanded thereof.

55. Admitted only that Plaintiff received correspondence in regard to the automotive warranty policy that he purchased, only after Plaintiff provided his credit card information and voluntarily purchased said automotive warranty policy. Anything not specifically addressed is denied.

56. Admitted for jurisdictional purposes only, but SunPath otherwise denies that Plaintiff has any right to maintain this Action and further denies that Plaintiff is entitled to any of the relief sought in this Action. Additionally, SunPath denies that it in any way violated the TCPA or the TBCC.

57. The documents referenced in Paragraph 57 speak for themselves. Anything not specifically addressed is denied.

58. The documents referenced in Paragraph 58 speak for themselves. Anything not specifically addressed is denied.

59. Denied as phrased. Furthermore, the allegations set forth in Paragraph 59 mischaracterize SunPath's duties under the TBCC.

60. SunPath is without knowledge of Plaintiff's due diligence, therefore denied and strict proof is demanded thereof.

61. Denied. Additionally, SunPath denies that Plaintiff has any right to maintain this Action and further denies that Plaintiff is entitled to any of the relief sought in this Action.

**COUNT I**
**DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(b)**

62. SunPath incorporates by reference its answers to Paragraphs 1 through 61 of the Second Amended Complaint, as set forth above.

63. The statute referenced in Paragraph 63 speaks for itself. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

64. Denied.

65. Denied.

66. Denied. Furthermore, SunPath did not make any phone calls to Plaintiff and SunPath denies that it in any way violated the TCPA or the TBCC.

67. Denied. Furthermore, SunPath did not make any phone calls to Plaintiff and SunPath denies that it in any way violated the TCPA or the TBCC.

68. Denied. Furthermore, SunPath did not make any phone calls to Plaintiff and SunPath denies that it in any way violated the TCPA or the TBCC.

69. Denied. Furthermore, SunPath did not make any phone calls to Plaintiff and SunPath denies that it in any way violated the TCPA or the TBCC.

70. Denied.

71. Denied. Additionally, SunPath denies that Plaintiff has any right to maintain this Action and further denies that Plaintiff is entitled to any of the relief sought in this Action.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

72. SunPath incorporates by reference its answers to the above paragraphs as though same were set forth at length herein. [1]

73. The statute referenced in Paragraph 73 speaks for itself. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

---

[1] Plaintiff recites sixty-one (61) paragraphs of factual allegations and then improperly incorporates all prior paragraphs into all three (3) counts. Thus, the Second Amended Complaint is an improper shotgun pleading and cannot be allowed to remain pending. This pleading deficiency will be further discussed below in SunPath's Sixteenth Affirmative Defense.

74. Denied. Furthermore, SunPath did not make any phone calls to Plaintiff and SunPath denies that it in any way violated the TCPA or the TBCC.

75. Denied.

76. Denied.

77. Denied. Additionally, SunPath denies that Plaintiff has any right to maintain this Action and further denies that Plaintiff is entitled to any of the relief sought in this Action. Furthermore, SunPath denies that it in any way violated the TCPA or the TBCC.

### COUNT III
### DEFENDANT VIOLATED § 302.101 OF
### THE TEXAS BUSINESS AND COMMERCIAL CODE

78. SunPath incorporates by reference its answers to the above paragraphs as though same were set forth at length herein. [2]

79. The statute referenced in Paragraph 79 speaks for itself. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

80. Denied.

81. The statute referenced in Paragraph 81 speaks for itself. Moreover, SunPath respectfully refers all questions of law to this Court. Anything not specifically addressed is denied.

SunPath denies that Plaintiff is entitled to any of the relief sought in the "Wherefore" clause of the Second Amended Complaint lettered a-i. As such, any remaining allegations in the "Wherefore" clause of the Second Amended Complaint lettered a-i are expressly denied. Additionally, SunPath denies that Plaintiff is entitled to a trial by jury on any and all of the claims

---

[2] Plaintiff recites sixty-one (61) paragraphs of factual allegations and then improperly incorporates all prior paragraphs into all three (3) counts. Thus, the Second Amended Complaint is an improper shotgun pleading and cannot be allowed to remain pending. This pleading deficiency will be further discussed below in SunPath's Sixteenth Affirmative Defense.

asserted in the Second Amended Complaint. Any allegations not specifically addressed above are also expressly denied.

## AFFIRMATIVE DEFENSES

SunPath asserts the following affirmative defenses with respect to Plaintiff's causes of actions and claims contained in the Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that they fail to set forth a claim upon which relief may be granted and fail to set forth sufficient ultimate facts in support of a claim for violation of the TCPA or the TBCC.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff fails to satisfy all conditions precedent and necessary to maintaining his claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the exceptions provided under the TCPA and the TBCC.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims should be barred because Plaintiff failed to mitigate, limit, or avoid his alleged damages. SunPath is entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid those alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because SunPath did not knowingly or willfully engage in any misconduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because imposing statutory damages and/or exemplary/punitive damages on SunPath under the TCPA and/or the TBCC would violate the Due Process provisions of the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for lack of standing because Plaintiff welcomed the alleged phone calls, was not annoyed, suffered no nuisance and did not suffer an injury.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims should be barred because Plaintiff was not charged for the alleged phone calls. Therefore, he suffered no real damages.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims should be barred for lack of standing due to the absence of the requisite injury necessary to possess the required standing.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Unclean Hands because Plaintiff falsely and improperly provided his credit card for payment of the subject automotive warranty policy knowing he intended to cancel such transactions after eliciting the issuance of the subject automotive warranty policy. Plaintiff's actions described herein were intentional and unethical.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff willfully and intentionally made illegal and improper use of process by filing this fabricated lawsuit under the TCPA and the TBCC based on purported violations resulting from Plaintiff's improper conduct. Specifically, Plaintiff admits in the Second Amended Complaint that he provided false and misleading information regarding his intent and reasons for purchasing certain automotive warranty policies. *See* Second Amended Complaint ¶ 53. Accordingly, Plaintiff had ulterior motives and purposes in exercising process including, but not limited to, to illicit quick cash settlements where no valid cause of action existed. As such, Plaintiff's improper actions caused injury to SunPath. Since Plaintiff does not bring this Action with clean hands, his claims are barred and cannot be allowed to advance.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, SunPath incorporates all such defenses set forth in, or contemplated by, Federal law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's' claims are barred because SunPath did not use an ATDS as defined under the TCPA, the Eleventh Circuit's decision in *Melanie Glasser v. Hilton Grand Vacations Company, LLC*, No. 18-14499 (11th Cir. Jan. 27, 2020), and by the Supreme Court of the United States' decision in *Facebook, Inc. v. Duguid, et al.*, 141 S. Ct. 1163 (2021).

**FIFTEENTH AFFIRMATIVE DEFENSE**

All of Plaintiff's claims should be barred as a matter of law because the violation of an unconstitutional law is not a justiciable question. More specifically, Plaintiff's claims for

violations of the TCPA are barred because the alleged calls complained of by Plaintiff and which form the basis of Plaintiff's claims were made prior to July 6, 2020, during the period of time in which the Supreme Court of the United States held that the TCPA, as written, was an unconstitutional, content-based suppression on free speech. *See Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020); *Creasy v. Charter Communs., Inc.,* No. 20-1199 SECTION "F"*,* 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy,* Case No. 1:19-cv-2862 (N.D. Oh. 2020); and *Shabana Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., et al.,* 5:20-cv-00038 (Md. Fla. December 11, 2020). For these same reasons, Plaintiff's claims for violations of the TBCC alleged in the Second Amended Complaint should similarly be barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is an improper shotgun pleading and cannot be allowed to remain pending. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Accordingly, "shotgun pleadings," such as the Second Amended Complaint, are improper and warrant dismissal for failing to meet the pleading standard required by Rule 8. "What makes a pleading a 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *See Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, No. 3:19-CV-2027-K-BN, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020) (*citing Bates v. Laminack*, 938 F. Supp. 2d 649, 667 (S.D. Tex. 2013)). The Second Amended Complaint is a classic example of a shotgun pleading, whereby "each count ... adopts the allegations of all preceding counts. Consequently, allegations of fact that may be material to

a determination of count one, but not count four, are nonetheless made a part of count four.... [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.*  (*citing Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (*citing also Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 2014)).  In the Second Amended Complaint, Plaintiff recites sixty-one (61) paragraphs of factual allegations and then improperly incorporates all prior paragraphs into all three (3) counts.

The Second Amended Complaint contains insufficient information to permit SunPath to raise all of its potentially appropriate defenses.  Therefore, SunPath reserves the right to amend and/or supplement its Answer with additional Affirmative Defenses.

WHEREFORE, Defendant, SunPath, Ltd., prays for judgment as follows:

1. That Plaintiff, Jason Cano, take nothing by reason of his Second Amended Complaint;

2. That the Second Amended Complaint be dismissed with prejudice;

3. For costs of suit and reasonable attorney's fees; and

4. For further and additional relief as this Court deems appropriate.

Dated: September 23, 2021.                                             Respectfully Submitted,

By: /s/ *Jason S. Weiss*
Jason S. Weiss
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
Fax: (954) 573-2798
 Jason@jswlawyer.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2021, the foregoing Defendant, SunPath, Ltd.'s, Answer and Affirmative Defenses to Plaintiff, Jason Cano's, Second Amended Complaint were filed through the Court's electronic filing system and will be sent electronically to all of the parties.

By: /s/ *Jason S. Weiss*
Jason S. Weiss

# EXHIBIT A

(to be filed under seal)