IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY BALDRIDGE, | § | |
| | § | |
| v. | § | CASE NO. 4:21-cv-3629 |
| | § | |
| SUNPATH, LTD. | § | |

**DEFENDANT SUNPATH, LTD.'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant SunPath, Ltd. ("SunPath"), by and through undersigned counsel, submits this Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and Local Rule 7.4, and would show this Honorable Court as follows:

**I.   DISMISSAL IS APPROPRIATE IF THE APPLICABLE STANDARD UNDER RULE 12(b)(2) IS APPLIED**

In Section III.A. of his Response, Plaintiff refers to what he characterizes as the standard applicable to a determination of a Motion to Dismiss for lack of personal jurisdiction. In particular, he cites to the *Engel v. Hilton Worldwide* unreported decision from the Fifth Circuit. That decision illustrates why SunPath's motion should be granted: it assumes the existence of competing affidavits, in which instance conflicts would be resolved in favor of the plaintiff.

In this case, there are no competing affidavits. The only party that provided affidavit testimony with non-conclusory factual evidence is SunPath. Plaintiff did not provide any as an attachment to his Memorandum of Law. As such, no conflict exists

---
Reply to Response to Motion to Dismiss

1

between facts contained in the parties' respective affidavits, as existed in *Engel*. The only facts supported by actual admissible evidence are those presented by SunPath. Because that uncontroverted evidence supports dismissal for lack of personal jurisdiction, SunPath's Motion should be granted.

Further, Plaintiff's citation to a reported decision from the Fifth Circuit, *Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010) also does not help Plaintiff avoid dismissal for at least two reasons. First, no indication exists in the decision that either party submitted affidavits in connection with the jurisdictional issues, which differs substantively from this case, where one has and the other has not. Second, the district court in *Clemens* found, and the Fifth Circuit affirmed, that no personal jurisdiction existed vis-à-vis the defendant, thereby mandating dismissal of the case. So too here, dismissal is appropriate under Rule 12(b)(2).

This is the second time that Plaintiff's counsel has been confronted with these arguments as raised by undersigned counsel. Plaintiff's counsel sued SunPath on behalf of another plaintiff in the Eastern District of Texas, Tyler Division, in a case called *Moreland v. SunPath, Ltd.*, 6:21-cv-00110-JDK. Plaintiff's counsel is presumed to know, and has actual knowledge that, the law in the Fifth Circuit requires affidavits to counter SunPath's evidence of no jurisdiction. As Judge Kernodle observed in the Motion to Dismiss hearing in that case on September 2, 2021:

> Well, no. I mean, the Fifth Circuit has said at this point once the Defendant comes forward with evidence of no jurisdiction, then the Plaintiff has to present evidence to contradict that. And you haven't done that.

_____
Reply to Response to Motion to Dismiss

2

*See* Exhibit A, selected excerpt from Transcript of Oral Hearing, at p. 7, ll. 21-25. Because Plaintiff knew that he had to provide admissible evidence in affidavit form to combat Defendant's competing evidence, and because he chose not to, this case should be dismissed with prejudice.

## II. PLAINTIFF RIGHTFULLY ABANDONS CLAIMS OF GENERAL JURISDICTION

SunPath challenged Plaintiff's claims of general jurisdiction. In his Memorandum of Law, Plaintiff does not defend against that challenge. Thus, if he is able to avoid dismissal under Rule 12(b)(2), Plaintiff is now forced to rely upon a favorable determination that specific jurisdiction exists.0

## III. PLAINTIFF PROVIDES INSUFFICIENT FACTS TO SUPPORT SPECIFIC JURISDICTION

Plaintiff cannot and does not provide sufficient facts in his Response to support specific jurisdiction. The only affidavit testimony about SunPath's involvement in the claimed conduct comes from SunPath. And that evidence negates any possibility of there being specific jurisdiction.

Plaintiff's barebones allegations in his Amended Complaint, particularly on pages 7 and 8 of Plaintiff's Memorandum of Law, are insufficient to satisfy the standards. Each and every allegation in the Memorandum of Law, and in the cited paragraphs of the Amended Complaint, are conclusory and are contradicted by SunPath's affidavit. And, since there is no conflict between two separate affidavits, the evidence presented by SunPath should prevail and the case should be dismissed for lack of personal jurisdiction.

Plaintiff's citation to two cases are inapplicable to the present dispute. In the *Montelongo* litigation from the Western District of Texas, a review of the docket indicates that the defendants never filed affidavit testimony in support of their Motions to Dismiss for Lack of Personal Jurisdiction, while Plaintiff provided jurisdictional affidavits in response. *See* Exhibit B, docket sheet for *Montelongo v. My Financial Solutions* case. The situation is exactly reversed here, and that is a material difference, as explained above.

In the *Thomas* litigation from the Southern District of Texas (in which Plaintiff's counsel Jacob Ginsburg represented the claimant), a review of the docket and transcript from the oral hearing also indicates that affidavit evidence was never provided to the district court. *See* Exhibit C, docket sheet for *Thomas v. Life Protect 24/7, Inc.* This Court has undisputed and uncontroverted evidence before it from SunPath that disproves personal jurisdiction. Therefore, the opinions in *Montelongo* and *Thomas* do not assist Plaintiff in avoiding dismissal of this case.

Vague arguments and claims about what Plaintiff's counsel learned about in a different case (*Cano v. Assured Auto Group*), and submission of documents in this case which may have been produced in *Cano* under an agreement to keep the document confidential, do not translate into controverting affidavit testimony. Plaintiff also appears to argue that another lawyer's decision not to pursue a Rule 12(b)(2) motion after jurisdictional discovery in *Cano* operates as some sort of waiver or res judicata in this case on issues of agency.

But a review of the exhibits to the Memorandum of Law establish that, for every substantive allegation of agency in the Second Amended Complaint, Defendants in *Cano* denied them. *Compare* ¶¶ 11-30 in Plaintiff's Exhibit A, with ¶¶ 11-30 in Plaintiff's Exhibit B. It is demonstrably false to claim, as Plaintiff has here, that SunPath "effectively conceded the agency relationship existed with its telemarketer."

Moreover, when one examines Plaintiff's document filed under seal (*see* Doc. 12), it becomes clear that it is between SunPath and an entity that has no involvement or connection with this case. Assuming without conceding that this document has any relevance to this case whatsoever, it certainly does not advance the ball on any issue raised in connection with SunPath's motions under Rule 12(b)(2) and Rule 12(b)(6). The Motion should, in all things, be granted.

## IV.   PLAINTIFF'S ALLEGATIONS REGARDING THE USE OF "AUTOMATICALLY GENERATED OR PRERECORDED VOICE" ARE INSUFFICIENT UNDER RULE 12(b)(6) STANDARDS

Plaintiff's Response suggests that undersigned counsel "did not carefully read the Complaint" in claiming that he failed to state a claim under Section 227(b) of the TCPA. *See* Doc., p. 11. However, a cursory reading of the Motion establishes that SunPath's issue with Plaintiff's Section 227(b) allegations in Paragraphs 34 and 48 is that it simply parroted the statutory language. *See* Doc. 8, p. 15. That is insufficient to satisfy the Federal Rules of Civil Procedure and the case law from the United States Supreme Court. Plaintiff offers no substantive response to that argument. The Motion should be granted.

## V. PLAINTIFF CITES TO NO AUTHORITY FOR LIABILITY UNDER SECTION 227(c) OF THE TCPA

SunPath's challenge to Plaintiff's claim under Section 227(c) centered on his failure to allege sufficient facts establishing that his cellular telephone was equivalent to a residential telephone subscription, which is the only relevant type of telephone subscription that Section 227(c) governs. Plaintiff's mere allegation, unsupported by specific facts, that his "cell phone has been used primarily for residential purposes" fails to meet the standard required by Rule 8, *Iqbal*, and *Ashcroft.* Thus, the Motion should be granted.

## VI. SUNPATH'S AFFIDAVIT NEGATING PLAINTIFF'S STATE STATUTE ALLEGATIONS IS UNCHALLENGED AND UNCONTROVERTED

It is not true that SunPath failed to "meaningfully rebut" assertions of liability under the Texas Civil Practice and Remedies Code. SunPath's affidavit attached to its Motion directly took on Plaintiff's state statutory violation claims. The affidavit and argument clearly articulated the basis for the Motion as to that claim, to wit: SunPath did not make, or direct anyone to make, any outgoing marketing calls or telephone solicitations to anyone in the state. Therefore, it cannot be held liable for violating a statute which prohibits sellers from making such calls. And, as set forth above, Plaintiff's lack of a controverting affidavit evidence to controvert Mr. Garcia's testimony is fatal to his claim.

Plaintiff also did not address the fact that he lumped SunPath in with other unidentified parties in connection with his liability pleadings. As set forth in the

_____
Reply to Response to Motion to Dismiss

6

Motion, lump pleadings are insufficient to state a claim and Plaintiff offers no excuse for failing to specify direct facts against SunPath, without reference to other parties acting collectively. Dismissal is proper.

## VII. CONCLUSION

For the reasons set forth above, Defendant SunPath respectfully moves this Court to enter an Order dismissing Plaintiff Jerry Baldridge's Complaint for lack of personal jurisdiction, for failure to state claim under the TCPA and/or the Texas Business and Commerce Code, enter a Final Judgment reflecting this Order, and for such further relief as this Court may allow.

Respectfully submitted,

By: /s/Jason Wagner
Jason Wagner
Lead Attorney
jwagner@jwagnerlaw.com
State Bar No. 00795704
Federal Bar No. 20325
Two North Main Street
Kingwood, Texas 77338
Telephone: (713) 554-8450
Facsimile: (713) 554-8451

ATTORNEYS FOR DEFENDANT

OF COUNSEL:

**WAGNER LAW, PLLC**
Two North Main Street
Kingwood, Texas 77339
Telephone: (713) 554-8450
Facsimile: (713) 554-8451

_____
Reply to Response to Motion to Dismiss

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Defendant SunPath, Ltd.'s Motion to Dismiss Plaintiff's Complaint** was served, pursuant to Federal Rule of Civil Procedure 5, via ECF filing, on this the 1st day of February, 2022, to:

Jacob U. Ginsbury, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
jginsburg@creditlaw.com
*(Attorney for Plaintiff)*

             */s/Jason Wagner*
              Jason Wagner