**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JERRY BALDRIDGE** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:21-cv-3629** |
| | § | |
| **SUNPATH, LTD.** | § | |

## DEFENDANT SUNPATH, LTD.'S REBUTTAL TO PLAINTIFF'S SUR-REPLY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

SUNPATH, LTD. ("SunPath"), Defendant, submits this Rebuttal to Plaintiff's Sur-Reply, as permitted by this Court's Order [Doc. 20], and would show as follows:

## I.   Introduction.

The issues before this Court are two-fold: (a) does this Court has personal jurisdiction over SunPath; and (b) did Plaintiff fail to state a claim upon which relief can be granted. Plaintiff's Sur-Reply attempts to muddy the waters with irrelevant and misleading arguments.

## II.   There is Still no Competent Evidence Establishing Personal Jurisdiction.

On the first issue, Plaintiff presented no sworn testimonial evidence in his Response – and after being provided the opportunity to submit a Sur-Reply, still has not presented any sworn testimonial evidence – rebutting SunPath's proof

_____
Rebuttal

that it is not subject to the personal jurisdiction of this Court in this case. Plaintiff's objectionable Declaration (which contains conclusory statements and hearsay and, therefore, should be stricken and not considered) does not even bother to counter the straightforward facts set forth in the Garcia affidavit on the issue of personal jurisdiction. Moreover, references in the Sur-Reply to the Call Center Marketing Agreement ("Agreement") come nowhere close to establishing personal jurisdiction over SunPath, even if that document was properly authenticated and accompanied by an affidavit.

For these reasons, and those set forth in the Motion and Reply, under governing case law in the Fifth Circuit, SunPath is entitled to dismissal of this case with prejudice due to the lack of personal jurisdiction.

### III.    Plaintiff's Attempt to Bootstrap the Existence of a Claim in this Case from Activity in Another Case Should Fail.

On the second issue, Plaintiff relies heavily on action taken by another lawyer in another case (*Cano*) involving another plaintiff in another district court, to somehow suggest that (a) the Agreement produced in that case is material or dispositive on any issue in this case; (b) the decision by the lawyer on personal jurisdiction is preclusive to any argument to the contrary in this case; and (c) any disputed facts should be resolved through the discovery

---

Rebuttal

process, not at the motions stage. This attempt should fail for at least three reasons.

First, the matter being judged in the Rule 12(b)(6) context is the sufficiency of the pleadings filed by Plaintiff. While the Original Complaint[*] references "Call Center Marketing Agreements" generally, it contains no reference to the specific provisions of the Agreement attached to the Response or cited in the Sur-Reply. Given that the Agreement was in Plaintiff's counsel's possession prior to the filing of this lawsuit, the lack of citation to its specific contents in the pleadings strongly implies that it does not have relevance to the allegations made by Plaintiff.

Second, because Plaintiff abandoned general jurisdiction in his Response, he must rely on some evidence to establish specific jurisdiction. Even if the actions taken in *Cano* were preclusive, they cannot form the basis of specific jurisdiction. This is because Plaintiff did not – and cannot – tie the provisions of the Agreement to the calls which Plaintiff claims to have received in this case. Rule 8, *Iqbal*, and *Twombley* required him to do so in his pleadings and he failed.

Third, because Plaintiff's counsel had at least one case dismissed outright after filing an amended pleading (*Moreland v. SunPath*) and argued for

---

[*] In its Reply, SunPath mistakenly referenced Plaintiff's Original Complaint as his First Amended Complaint. This was not done intentionally, or "falsely," as Plaintiff contends.

Rebuttal

jurisdictional discovery in another case (*Cano*), he is well aware of the requirements in this Circuit which must be met in response to challenges to pleadings. He chose to pursue neither the amendment nor jurisdictional discovery option here, relying solely on the four corners of his Original Complaint, an objectionable declaration from his client which does not advance the ball on personal jurisdiction, and the Agreement which cannot be tied to this case or to Plaintiff's calls. Because Plaintiff failed to plead his case sufficiently under the governing standards and failed to present compelling arguments to rebut those asserted in the Motion and Reply, and because his lawyer failed to learn from prior forays into Texas federal courts, the Motion to Dismiss should be granted with prejudice and Plaintiff's case should be dismissed.

## III.    CONCLUSION

SunPath respectfully moves this Court to enter an Order dismissing Plaintiff's Complaint for lack of personal jurisdiction and for failure to state claim under the TCPA and/or the Texas Business and Commerce Code, enter a Final Judgment reflecting this Order, and for such further relief as this Court may allow.

_____
Rebuttal

Respectfully submitted,

By: /s/Jason Wagner_____

Jason Wagner
Lead Attorney
jwagner@jwagnerlaw.com
State Bar No. 00795704
Federal Bar No. 20325
Two North Main Street
Kingwood, Texas 77338
Telephone:  (713) 554-8450
Facsimile:   (713) 554-8451

ATTORNEYS FOR DEFENDANT

OF COUNSEL:

**WAGNER LAW, PLLC**
Two North Main Street
Kingwood, Texas 77339
Telephone:  (713) 554-8450
Facsimile:   (713) 554-8451

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant SunPath, Ltd.'s Rebuttal to Plaintiff's Sur-Reply** was served, pursuant to Federal Rule of Civil Procedure 5, via ECF filing, on this the 14th day of February, 2022, to:

Jacob U. Ginsbury, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
jginsburg@creditlaw.com
*(Attorney for Plaintiff)*

/s/Jason Wagner_____
Jason Wagner

5

_____
Rebuttal