IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JERRY BALDRIDGE** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:21-cv-3629** |
| | § | |
| **SUNPATH, LTD.** | § | |

## DEFENDANT SUNPATH, LTD.'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant SunPath, Ltd. ("SunPath"), by and through undersigned counsel, files this its Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, and respectfully requests that the Court enter judgment in its favor and against Plaintiff Jerry Baldridge.

**I.   INTRODUCTION**

This dispute is based on calls Plaintiff received that were allegedly in violation of the Telephone Consumer Protection Act ("TCPA") and the Texas analogue. Yet there is no genuine factual dispute that SunPath did not make any of the calls that form the basis of Plaintiff's claims, or direct or control the actions of the "anonymous and . . . unknown" entity that did make the calls at issue. For this reason, Plaintiff's vicarious liability claim against SunPath fails as a matter of law.

SunPath is the administrator of automobile service contracts but Plaintiff never purchased a contract in response to any claimed call. SunPath has provided sworn declaration testimony, as well as discovery responses, showing that it does not sell its products, does not make telemarketing calls *at all*, and specifically has never called Plaintiff. Further, the evidence is also clear and undisputed that SunPath did not direct or control the operations of the anonymous and unknown entity which is alleged to have made such calls to Plaintiff. In contrast, Plaintiff has no concrete or competent evidence establishes that an agency relationship existed between SunPath and the anonymous and unknown entity which would justify a finding of vicarious liability against SunPath here. Plaintiff failed to allege any specific factual allegations in his Complaint to show such a relationship existed, and discovery has confirmed that he has no basis for his unsupported allegations against SunPath. Accordingly, the Court should grant summary judgment in SunPath's favor and dismiss all of Plaintiff's claims against SunPath, with prejudice.

## II.   RELEVANT UNDISPUTED MATERIAL FACTS

Central to this Court's determination that SunPath is not subject to liability under the TCPA for any phone calls that form the basis of Plaintiff's claims, and should be dismissed from this case, are the following facts.

Plaintiff filed this action for damages, claiming that SunPath violated the TCPA and the state analogue when an anonymous and unknown entity allegedly made eight calls to his cell phone, which is listed on the National Do Not Call Registry, using what Plaintiff claims were prerecorded messages. Doc. 1, ¶¶ 29-34. Plaintiff never purchased an automobile service contract. *See* Exhibit A, Plaintiff's Answer to Interrogatory No. 8.

The only entity that Plaintiff alleges made any call to his cell phone is the anonymous and unknown entity. Doc. 1, ¶¶ 29-34; Exhibit A, Plaintiff's Answer to Interrogatory No. 3. Plaintiff does not allege that SunPath contacted him directly. *See id.*

SunPath is a third party administrator of extended service contracts for automobiles and engages in the business of handling claims by policy holders and customer service for policy holders. Doc. 8-1, ¶ 9; Exhibit B, ¶ 4. SunPath does not make any outbound sales calls to consumers, and more specifically, did not make any of the alleged calls to Plaintiff that form the basis of Plaintiff's complaint. *See* Doc. 8-1, ¶ 5; Exhibit B, ¶ 7.

SunPath has no role in or control over any operations of any independent third-party that it authorizes to market and sell SunPath's products on a non-exclusive basis. *See* Doc. 8-1, ¶¶ 6-8; Exhibit B, ¶ 7-13; Exhibit C, SUNPATH 00002-SUNPATH 00009, authenticated by the Declaration of Jason Wagner.

The marketing operations of such independent companies, including how they obtain leads, what scripts they use, what equipment they use, and whether they offer consumers a SunPath product or the product of a competitor, are entirely determined by those independent third-party companies. Doc. 8-1, ¶ 8; Exhibit B, ¶ 7-13. SunPath does not provide compensation to those entities either. *See* Exhibit B, ¶ 14.

In his discovery responses, Plaintiff fails to provide any substantive evidence connecting SunPath to the anonymous and unknown entity that he concedes placed the offending calls. Rather, Plaintiff merely provides unsupported allegations. *See* Exhibit A, Plaintiff's Answer to Interrogatory Nos. 2-3.

## III. LEGAL STANDARD

Summary judgment should be granted where no genuine issue of material fact exists for resolution at trial and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "Summary judgment is 'an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action' rather than a disfavored procedural shortcut." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

"A genuine issue of material fact exists when there are 'disputes over facts that might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248.

If the moving party seeks summary judgment as to his opponent's claims, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth"– and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for

the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

## IV. ARGUMENT

Plaintiff's Complaint failed to state any claim against SunPath, and pre-trial discovery has simply confirmed that Plaintiff's claims against SunPath have no basis in fact or law. Even viewed in the light most favorable to Plaintiff, there is no factual dispute that SunPath was not directly or vicariously liable for making the calls at issue.

### A. There Is No Genuine Factual Dispute that SunPath Is Not Directly Liable for any Alleged TCPA Violation.

There is no dispute that SunPath is not directly liable for any TCPA violations because Plaintiff does not allege that SunPath directly initiated any of the calls at issue. Accordingly, the Court should grant summary judgment in SunPath's favor with respect to any alleged violations of the TCPA via a theory of direct liability.

### B. There Is No Genuine Factual Dispute that SunPath Is Not Vicariously Liable for any Alleged TCPA Violations.

Because the anonymous and unknown entity is the only party Plaintiff alleges directly made any of the calls at issue, Plaintiff's claims against SunPath rely entirely on the premise that SunPath is vicariously liable for that entity's

actions. But there is no genuine factual dispute that SunPath is not vicariously liable for any alleged violations of the TCPA because Plaintiff has not developed – and cannot provide – any concrete competent summary judgment evidence to support his contention that a principal-agent relationship existed between SunPath and the other entity.

Texas law does not presume agency and the party asserting agency has the burden of proving it. *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007). To establish an agency relationship, the party asserting agency must show a manifestation of consent by the purported agent to act on the principal's behalf and subject to the principal's control, together with a manifestation of consent by the purported principal authorizing the agent to act. *Id.* Here, no evidence exists that this anonymous and unknown entity acted as an agent on behalf of SunPath and subject to Defendant's control.

A finding of vicarious liability relies on a showing that an agency relationship existed between SunPath and the anonymous and unknown entity pursuant to agency principles of actual authority, apparent authority, or ratification. *See In re Dish Network*, 28 FCC Rcd. at 6584 ¶ 28 ("[W]e find that the seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles."). The factual record shows that no

principal-agent relationship existed between SunPath and the anonymous and unknown entity based on any of these principles.

### 1. No evidence exists of actual authority.

Any calls made to Plaintiff were made by an anonymous and unknown entity that, if it were a vendor of SunPath, would be independent of SunPath and required to comply with all applicable laws related to marketing. *See* Exhibit B, ¶¶ 9-13, 15-16; Exhibit C. A finding of liability through actual authority requires a showing that the parties acknowledge a principal-agent relationship explicitly exists, and that "the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Gross v. GGNSC Southaven, L.L.C.*, 817 F.3d 169, 179 (5th Cir. 2016), citing RESTATEMENT (THIRD) OF AGENCY, § 2.01.

Central to the determination of whether an agency relationship existed through actual authority is the degree of control the purported principal exercised over the alleged agent. *See, e.g., Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 269 (5th Cir. 1980) (citations omitted); *see also* RESTATEMENT (SECOND) OF AGENCY § 1 (1958).[1]

---

[1] *See also Jones v. Royal Admin. Servs.*, 887 F.3d 443, 450 (9th Cir. 2018) ("In determining whether vicarious liability may be imposed, the 'extent of control exercised by the [principal]' is the 'essential ingredient.'") (quoting *United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010)); *In re Monitronics Int'l, Inc.*, 223 F. Supp. 3d 514, 525 (N.D.W. Va. 2016) (granting summary judgment based on lack of apparent authority for TCPA defendant

SunPath's Standards establish that the anonymous and unknown entity could not have been SunPath's agent, and certainly did not have actual authority to engage in any behavior that violated the TCPA. First, the Standards provide that, if the anonymous and unknown entity which contacted Plaintiff was subject to the Standards, it was at all times acting as an independent contractor. *See* Exhibit C. This is confirmed by Mr. Garcia's testimony. *See* Exhibit B, ¶¶ 9, 16. Additionally, the Standards provide that the entity "shall operate in accordance with laws and regulations of . . . the Federal Communications Commission . . . and all other applicable federal, state, and local regulations and laws." *See* Exhibit C. Plaintiff has disclosed no evidence in discovery that contradicts that the Standards would govern any relationship between SunPath and the anonymous and unknown entity he claims made the call. And there is similarly no dispute that SunPath did not direct or control any operations of the anonymous and unknown entity, or have knowledge of how it operated. Doc. 8-1; Exhibit B, ¶¶ 8-16.

There is no dispute that the anonymous and unknown entity which contacted Plaintiff would have been an independent contractor, and not an agent, of SunPath, and that, if it was subject to the Standards, it simply agreed

---

because with "all of these facts together in the light most favorable to Plaintiffs, the evidence does not support a finding that [the purported principal] exercises control over the actual marketing").

to comply with all applicable laws and regulations when marketing SunPath-administered products. While the Fifth Circuit has not directly ruled on this issue, the Sixth Circuit has held that, in the context of summary judgment, a finding that the party responsible for making calls in violation of the TCPA was not an agent of the defendant, as is the case here, "necessarily dooms [plaintiff's] claims based on an expressed-agency theory[.]" *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 373 (6th Cir. 2015).[2] Based on the Standards and the fact that SunPath did not in any way direct or control anonymous and unknown entity's calling operations, there is no dispute that SunPath cannot be subjected to liability in this matter through a theory of actual agency.

> **2. There is no factual dispute that the anonymous and unknown entity acted without apparent authority.**

---

[2] Other jurisdictions have also ruled that actual authority does not exist when examining similar language. *See*, *e.g.*, *McDermet v. DirectTV, LLC*, Civil Action No. 19-11322-FDS, 2021 U.S. Dist. LEXIS 11123, at *21 (D. Mass. Jan. 21, 2021) (ruling in a TCPA case that actual authority did not exist because the defendants required the telemarkers to comply with state and federal telemarketing laws); *Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 365 (N.D. Ind. 2021) (citing *Carlisle v. Deere & Co.*, 576 F.3d 649 (7th Cir. 2009)) (finding that a dealer is not an agent of the manufacturers of the products it sells, especially when the dealer sells multiple brands); *Simmons v. Charter Commc'ns., Inc.*, 222 F. Supp. 3d 121, 137 (D.Conn. 2016) ("there is no better way to ensure compliance with the TCPA than to include such compliance as an essential term of the contract."); *Makaron v. GE Sec. Mfg.*, CV-14-1274-GW (AGRx), 2015 U.S. Dist. LEXIS 75240, at *19-20 (C.D. Cal. May 18, 2015) (granting motion for summary judgment due to lack of actual agency despite license to use trademarks and logos because applicable contracts indicated the dealers were independent contractors).

There is no genuine issue of material fact that SunPath is not subject to liability through apparent liability because SunPath did not manifest authority for any entity to make any unlawful calls to Plaintiff.

Apparent authority is based on estoppel and arises from "either a principal knowingly permitting an agent to hold [itself] out as having authority" or when a principal's conduct "lack[s] such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority [it] purports to exercise." *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007); *Indel Food Prods., Inc. v. Dodson Int'l Parts, Inc.*, 561 F.Supp.3d 722 (W.D. Tex. 2001). The principal must have "full knowledge of all material facts . . . to establish a claim of apparent authority." *Gaines*, 235 S.W.3d at 182. To analyze claims of apparent authority, courts look to the conduct of the principal and the reasonableness of the third party's assumptions about the agent's authority. *Id.* at 183.

Here, that would require summary judgment evidence not only that SunPath authorized *any* conduct by the anonymous and unknown entity, but that the SunPath specifically authorized the unlawful calling practices. The affirmative evidence offered by SunPath proves the opposite. *See* Exhibit B.

Under this standard, the Court should grant summary judgment in SunPath's favor, as the record reflects that the only basis for Plaintiff's

allegations against SunPath is his unsupported claim that SunPath utilized an anonymous and unknown entity to place calls to him. Meanwhile, SunPath has established that it did not in any way direct or control the actions of the anonymous and unknown entity which placed the call and had no knowledge that that entity engaged in any unlawful marketing calls. *See* Exhibit B generally. More directly, SunPath states that it did not authorize any party to make illegal robocalls. *See* Exhibit B, ¶ 17. Plaintiff provided no evidence in his answers to interrogatories to support claims that SunPath in any way manifested authority to have it to make any of the calls at issue. *See* Exhibit A.

The fact that Plaintiff may have been offered a SunPath product does not prove the existence of an agency relationship; in order to show an agency relationship existed through apparent authority, there must be a manifestation by the alleged principal (SunPath) that it exercised control over the allegedly unlawful actions. *See Keating*, 615 F. App'x at 374. Plaintiff has not developed any concrete evidence—or any evidence whatsoever—establishing that SunPath manifested any control over the anonymous and unknown entity's activities. The testimonial evidence says that SunPath did not. *See* Exhibit B, ¶ 16. Accordingly, there is no issue of material fact regarding the absence of an agency relationship through apparent authority that could subject SunPath to liability for Plaintiff's claims.

### 3. **There is no factual dispute that SunPath did not ratify any unlawful conduct.**

There is no dispute that SunPath did not ratify any unlawful conduct of the anonymous and unknown entity because SunPath did not have knowledge of or approve of that entity's actions. A party may only "be liable for the acts of another under traditional agency principles if it ratifies those acts by knowingly accepting their benefits." *Keating*, 615 F. App'x at 372 (citing *Dish Network*, 28 FCC Rcd. at 6586-87). "Such ratification may occur 'through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences.'" *Id.* Furthermore, in the context of alleging vicarious liability through ratification, "the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *See, e.g., Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 586 (S.D. Ohio 2016) (citations and quotations omitted).

As established at length above, no agency relationship existed between SunPath and the anonymous and unknown entity. *See* Exhibit B, generally. The Standards establish that the entity, if it had a relationship with SunPath, would have been an independent contractor and SunPath did not manifest that the entity had any authority to make unlawful marketing calls. *See* Exhibits B and C. So the prerequisite agency relationship required for a showing of ratification

is not present. Regardless, the record also reflects that SunPath did not have any knowledge of how the anonymous and unknown entity conducted its business generally, that the entity made any calls to Plaintiff, or engaged in any unlawful conduct. Simply put, SunPath could not ratify conduct of which it had no knowledge. And SunPath affirmatively denies that it ratified any conduct. *See* Exhibit B, ¶ 15.

Based on this record—when the alleged unlawful calls were made "without the knowledge or acquiescence" of the party in question—the Sixth Circuit has confirmed that summary judgment in favor of the Defendant is appropriate. *Keating*, 615 F. App'x at 372; *see also Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243 (4th Cir. 2018) (granting summary judgment for defendants was proper where Plaintiff failed to establish agency through ratification).

The undisputed factual record shows that SunPath is not vicariously liable for any alleged violation of the TCPA by an anonymous and unknown entity pursuant to any theory of actual authority, apparent authority, or ratification. Accordingly, the Court should grant summary judgment in favor of SunPath and dismiss Plaintiff's claims against it with prejudice.

## V. CONCLUSION

For the foregoing reasons, SunPath respectfully requests that the Court grant its Motion for Summary Judgment and enter judgment in its favor and against Plaintiff.

Respectfully submitted,

By: /s/*Jason Wagner*
    Jason Wagner
    Lead Attorney
    jwagner@jwagnerlaw.com
    State Bar No. 00795704
    Federal Bar No. 20325
    Two North Main Street
    Kingwood, Texas 77339
    Telephone: (713) 554-8450
    Facsimile:  (713) 554-8451

ATTORNEYS FOR DEFENDANT

OF COUNSEL:

**WAGNER LAW, PLLC**
Two North Main Street
Kingwood, Texas 77339
Telephone: (713) 554-8450
Facsimile: (713) 554-8451

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant SunPath, Ltd.'s Motion for Summary Judgment** was served, pursuant to Federal Rule of Civil Procedure 5, via ECF filing, on this the 14th day of October, 2022, to:

> Jacob U. Ginsburg, Esq.
> Kimmel & Silverman, P.C.
> 30 East Butler Ave.
> Ambler, PA 19002
> jginsburg@creditlaw.com
> *(Attorney for Plaintiff)*

                                      */s/Jason Wagner*
                                       Jason Wagner